UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| *Plaintiff,* | § § | |
| v. | § | EP-19-CR-00230-DCG-1 |
| RAMON SALCIDO-VEGA, | § § § | |
| *Defendant (1).* | § § | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Ramon Salcido-Vega's "Motion to Dismiss Indictment" (ECF No. 29). For the reasons that follow, the Court denies the motion.

### I. BACKGROUND

On or about January 23, 2019, a grand jury sitting in the Western District of Texas, El Paso Division, indicted Salcido with one count of illegal reentry after removal in violation of 8 U.S.C. § 1326(a). *See* Indictment, ECF No. 10. The indictment alleged that Salcido was previously removed on November 5, 2009, *see id.* at 1; that removal was pursuant to a reinstatement[1] of a 2000 removal order, *see* Gov't Resp. in Opp'n to Mot. to Dismiss [hereinafter, Gov't's Resp.], Ex. K, ECF No. 42, which, in turn, was issued *in absentia* by an Immigration Judge ("IJ"), *id.*, Ex. F.

---

[1] 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.").

On April 30, 2019, Salcido filed the instant motion. Therein, relying on the Supreme Court's opinion in *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), he collaterally attacks the validity of the 2000 removal order. *See* 8 U.S.C. § 1326(d).

On May 15, 2019, the Government filed a Superseding Indictment (ECF No. 33), which alleges a prior removal date of August 5, 2002; that removal was based on an expedited order of removal issued in an administrative proceeding pursuant to 8 U.S.C. § 1225(b)(1). Gov't's Resp., Ex. I. Salcido now directs his motion and his arguments advanced therein to the Superseding Indictment. *See* Def.'s Notice as to Mot. to Dismiss, ECF No. 39.

## II. DISCUSSION

As an initial matter, the parties' arguments raise the issue of whether Salcido may attack the validity of the 2000 removal order in this prosecution.[2] Salcido avers that the 2002 expedited removal order was predicated on the 2000 removal order and as such, it is properly characterized as a "*de facto*" reinstatement of the 2000 order. Mot. to Dismiss at 2, ECF No. 29; Def.'s Suppl. Br. at 3, ECF No. 48. Therefore, Salcido contends, he may collaterally attack the 2000 order. Mot. to Dismiss at 7; *cf. United States v. Vargas-Varela*, 150 F. App'x 305, 305 (5th Cir. 2005) (addressing the merits of defendant's § 1326(d) attack on a removal order issued by an IJ, where the Indictment alleged removal based on a reinstatement of the IJ's order).

The Government disputes that characterization. It contends that the 2002 order was not a reinstatement of the 2000 order, but was issued in an independent, administrative removal proceeding, which was "wholly separate" from the 2000 removal proceeding. Gov't's Resp. at 7 n.2; Gov't's Suppl. Br. at 1–5. Consequently, it continues, any defects as to the 2000 removal

---

[2] On this issue, the Court sought and received supplemental briefs from the parties. *See* Order for Suppl. Brs., ECF No. 47; Suppl. Br. in Supp. of Mot. to Dismiss [hereinafter, "Def.'s Suppl. Br."], ECF No. 48; Gov't's Resp. to Def.'s Suppl. Br. [hereinafter, "Gov't's Suppl. Br."], ECF No. 51.

proceedings are not relevant in this prosecution and cannot be challenged here because the Superseding Indictment alleges that Salcido illegally reentered the United States following his 2002 expedited removal, not his 2000 removal. Gov't's Resp. at 7 n.2; Gov't's Suppl. Br. at 2.

The Court need not resolve this issue, however, because as discussed *infra*, Salcido's collateral attack on the 2000 removal order ultimately fails.

At its base, Salcido's collateral attack rests on the premise that the notice to appear that led to the 2000 removal order was defective because it omitted the date and time of the initial removal hearing in direct contradiction of 8 U.S.C. § 1229(a)(1). Mot. to Dismiss at 3, 6. Section 1229(a)(1) provides that a "notice to appear" shall specify 10 listed categories of information, including "[t]he time and place at which the proceedings will be held." 8 U.S.C. § 1229(a)(1); *but see* 8 C.F.R. § 1003.15 (requiring a "notice to appear" to include all of the statutory categories of information, except the time of hearing). He relies on *Pereira*, where the Supreme Court held that "[a] notice that does not inform a noncitizen when and where to appear for removal proceedings is not a 'notice to appear under section 1229(a)' and therefore does not trigger the stop-time rule" set forth in 8 U.S.C. § 1229b(d)(1)(A). *Pereira*, 138 S. Ct. at 2110.

Based on that premise, Salcido advances a cascade of arguments. First, he argues that the IJ lacked jurisdiction to conduct the removal proceedings and therefore, the IJ's removal order is "void," "void *ab initio*," and "a legal nullity." Mot. to Dismiss at 2–3, 6, 10, 13. He relies on the regulation, 8 C.F.R. § 1003.14(a), which provides in relevant part: "Jurisdiction vests, and proceedings before an Immigration Judge commence, when a charging document is filed with the Immigration Court by the Service." 8 C.F.R. § 1003.14(a); *see also id.* § 1003.13 (Charging documents include a notice to appear.).

Second, for purposes of 8 U.S.C. § 1326(d),[3] he contends that he was "functionally" deprived of the opportunity for judicial review of the removal order (because the IJ lacked jurisdiction), *id.* at 10, he was excused from exhausting administrative remedies (for the same reason), *id.*, and his removal to Mexico pursuant to the allegedly void removal order was fundamentally unfair, *id.* at 8. Finally, he argues, because the removal order was void *ab initio* (again because the IJ lacked jurisdiction), it negates an element of the offense charged against Salcido—that is, Salcido was "removed"; this challenge, he says, can be raised outside of § 1326(d) and therefore, he need not satisfy 1326(d)'s strict requirements. *See id.* at 13–14 (citing 8 U.S.C. § 1326(a)).[4]

Salcido recognizes that in the recent past, this Court denied similar motions asserting similar arguments based on *Pereira*. Mot. to Dismiss at 1 & n.1 (citing *United States v. Arroyo*, 356 F. Supp. 3d 619 (W.D. Tex. Dec. 21, 2018) (Guaderrama, J.)). At the time, the Fifth Circuit had not spoken on the issues presented in *Arroyo*. Since Salcido filed the instant motion, however, the Fifth Circuit has issued an opinion wherein, on the key legal issues, the court reached the same conclusions as did this Court in *Arroyo*. *See Pierre-Paul v. Barr*, --- F.3d ---, 2019 WL 3229150 (5th Cir. July 18, 2019). Although *Pierre-Paul* involved judicial review of a decision by the Board of Immigration Appeals, another panel of the Fifth Circuit applied *Pierre-Paul*'s holdings to a criminal case under § 1326—the precise context in which *Arroyo* was

---

[3] To prevail on a collateral attack on the underlying removal order, the alien must demonstrate: "(1) [he] exhausted any administrative remedies that may have been available to seek relief against the order; (2) the [removal] proceedings at which the order was issued improperly deprived [him] of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." 8 U.S.C. § 1326(d).

[4] Section 1326(a) provides, in relevant part: "[A]ny alien who . . . has been . . . *removed* . . . , and thereafter . . . enters, . . . or is at any time found in, the United States" without the permission of the Attorney General or the Secretary of the Department of the Homeland Security shall be punished. 8 U.S.C. § 1326(a) (emphasis added).

decided and the instant motion is presented. *See United States v. Pedroza-Rocha*, --- F.3d ---, 2019 WL 3727828, at *5 (5th Cir. Aug. 8, 2019) ("The posture of *Pierre-Paul* is different from the case at bar, but the central legal issue is the same.").

Specifically, in *Pierre-Paul*, the Fifth Circuit made three independent, alternative holdings, each of which is binding upon this Court. *Pierre-Paul*, 2019 WL 3229150, at *3 n.2 ("In this circuit, alternative holdings are binding and not *obiter dictum*."). First, the court held that "the regulations, not 8 U.S.C. § 1229(a), govern what a notice to appear must contain to constitute a valid charging document" for purposes of 8 C.F.R. § 1003.14(a). *Id.* at *7. Thus, failure to include the date and time of the initial hearing in the notice to appear does not render it defective because 8 C.F.R. § 1003.15, unlike 8 U.S.C. § 1229(a), does not require this information. *Id.* at *4.

Second, "assuming arguendo that [the] notice to appear were defective under 8 U.S.C. § 1229(a)," the Fifth Circuit held, the subsequent serving of a notice of hearing that includes a date and time cures any defect that might have existed in the notice to appear and this "two-step process comports with relevant statutory language." *Id.* at *5, *7; *see also Arroyo*, 356 F. Supp. 3d at 630–31, 633 (assuming, without deciding, that a notice to appear must comply with § 1229(a) and holding "a served [notice to appear] that omits the date and time of the removal hearing and a subsequently served [notice of hearing] that supplies the omitted information together (often referred to as the 'two-step notice procedure') comply with § 1229(a)(1)." (underline and italics omitted) (footnote omitted) (citing, among others, the Fifth Circuit's pre-*Pereira* decisions and distinguishing *Pereira*)).

Finally, the Fifth Circuit held, "8 C.F.R. § 1003.14 is not jurisdictional." *Pierre-Paul*, 2019 WL 3229150, at *7; *see also Arroyo*, 356 F. Supp. 3d at 623–30 (rejecting defendant's

argument that § 1003.14(a) is jurisdictional and holding that the regulation, a procedural rule, "does not grant, speak to, or condition the immigration judges' 'subject matter jurisdiction' (*i.e.*, statutory authority) to conduct removal proceedings" (describing regulatory history)).

Here, Salcido does not dispute that after he was served with the notice to appear, *see* Mot. to Dismiss, Exs. B, D, the immigration court mailed him a notice of hearing that included the date and time of the hearing, *id.*, Ex. E, following which the IJ issued the 2000 removal order. Consequently, Salcido's arguments are foreclosed by *Pierre-Paul*. His final argument, *supra*, is additionally foreclosed by *Pedroza-Rocha*. *See* 2019 WL 3727828, *6 (rejecting defendant's argument that § 1326(d) poses no bar because the IJ's removal order was void *ab initio* for want of jurisdiction, reasoning that such an argument "upends Congress's mandate that collateral review in the course of re-entry prosecutions be available only in a narrow set of circumstances" (quoting *United States v. Parrales-Guzman*, 922 F.3d 706, 707 (5th Cir. 2019))).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Ramon Salcido-Vega's "Motion to Dismiss Indictment" (ECF No. 29) is **DENIED**.

**So ORDERED and SIGNED this** 15th **day of August 2019.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**